**FILED**

US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Aug 17, 2017

OFFICE OF THE CLERK

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | |
|---|---|
| TYLER SPARKS and CYDNEY SPARKS, HUSBAND AND WIFE, | § § § |
| Plaintiffs, | § § |
| V. | § § No._____17-4068_____ |
| RIVERWOOD INVESTMENTS, LLC d/b/a RIVERWOOD INN, | § § § |
| Defendant. | § § |

## COMPLAINT

Come now the Plaintiffs, Tyler Sparks and Cydney Sparks, by and through their undersigned counsel, and for their Complaint against Defendant, Riverwood Inn, Inc., state and allege the following:

1.      Plaintiffs, Tyler Sparks and Cydney Spark, husband and wife, are of lawful age and are residents of Evangeline Parish, Louisiana.

2.      Defendant, Riverwood Investments, LLC ("Riverwood"), is an Arkansas limited liability company with its principal place of business in Glenwood, Pike County, Arkansas. According to records maintained by the Arkansas Secretary of State, Riverwood can be served with process through its registered agent, Mary Lou Wright, 363 Highway 70 East, Glenwood, Arkansas 71943.

3.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(d), as there is complete diversity of citizenship and Plaintiffs claim damages in excess of

$75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over Defendant, as Defendant is an Arkansas corporation.

5.      Venue is proper in this forum pursuant to 28 U.S.C. §1391(b) in that the Defendant resides in this District and the events and omissions giving rise to the claims alleged herein occurred in this District.

6.      Defendant owns and operates the Riverwood Inn, a hotel located at 363 Highway 70 East, Glenwood, Pike County, Arkansas 71943.

7.      On July 30, 2016, Mr. Sparks was a guest in Defendant's hotel, and as such, Mr. Sparks was an invitee of Defendant.

8.      At all times relevant to this Complaint, Defendant owed Mr. Sparks a duty to use ordinary care to maintain its premises in a reasonably safe condition and a duty to take all precautions for Mr. Sparks's protection that reasonable prudence and ordinary care would suggest.

9.      On July 30, 2016, and for a long time prior to that date, Defendant allowed the steps in the stairway leading from the second floor walkway down to an intermediate landing to be and remain in a dangerous condition.

10.     While attempting to ascend a set of said stairs on the evening of July 30, 2016, the stairs gave way, and Mr. Sparks suffered a severe fall, as a direct result of which he sustained serious injuries, including, but not limited to, injuries to his right foot and lumbar spine.

11.     Mr. Sparks's fall and resulting injuries were caused solely by the negligence of Defendant, its agents, servants, and employees, in that Defendant:

          a.      Allowed the stairway, particularly the section of stairs that led from the

second floor walkway down to an intermediate landing, to exist in a dangerous state, unsafe for public use; and

b.  Generally failed in its duty to maintain the stairway in a safe condition for use by the public and its invitees.

12.  Defendant knew, or in the exercise of reasonable care, should have known of the dangerous and defective conditions existing on the stairway at the time Mr. Sparks was injured and for a long time prior to that time.

13.  As a result of Mr. Sparks's injuries, caused by Defendant's negligence, he has suffered the following elements of damages, in excess of the minimum amount required for jurisdiction in the United States District Court based upon diversity of citizenship:

a.  Medical expenses, past and future;

b.  Lost wages and loss of earning capacity;

c.  Pain, suffering, and mental anguish, both past and future; and

d.  The nature, extent, duration, and permanency of his injury.

14.  As a direct and proximate result of the Defendant's negligence, Cydney Sparks has sustained and will sustain the following damages, for which she is entitled to damages:

a.  Loss of consortium;

b.  Loss of companionship;

c.  Severe mental and emotional distress; and

d.  Other such special damages in an amount to be proven at trial.

15.  The Plaintiffs respectfully demand a jury of 12 persons to try this case.

WHEREFORE, Plaintiffs pray for judgment from and against Defendant for damages in an amount to be determined by a jury, in excess of $75,000, exclusive of interest and costs, together with costs of suit, and such other and further relief as the Court may deem proper.

Respectfully submitted,

Tyler Sparks and Cyndey Sparks, Plaintiffs

By: _____

Kenneth P. "Casey" Castleberry, ABA #2003109
MURPHY, THOMPSON, ARNOLD,
   SKINNER & CASTLEBERRY
555 East Main Street, Suite 200
Post Office Box 2595
Batesville, Arkansas 72503
(870) 793-3821 – telephone
(870) 793-3815 – facsimile
caseycastleberry2003@yahoo.com

Of counsel:

Henri M. Saunders
SAUNDERS & CHABERT
6525 Perkins Road
Baton Rouge, Louisiana 70808
(225) 771-8100 – telephone
(225) 771-8101 – facsimile
hsaunders@saunderschabert.com

(Of counsel will file a motion for admission *pro hac vice*.)

4